**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| T-Mobile USA, Inc., | No. 2:21-cv-733 |
| Petitioner, | |
| v. | **T-MOBILE, USA, INC.'S PETITION TO CONFIRM ARBITRATION AWARD** |
| Verity Wireless, Inc., | **NOTE ON MOTION CALENDAR: JUNE 18, 2021** |
| Respondent. | |

Pursuant to 9 U.S.C. §§ 9 and 13, T-Mobile USA, Inc. ("T-Mobile") petitions this honorable Court to confirm interim relief in the form of the preliminary injunction ("Injunction") granted to T-Mobile by The Hon. Faith Ireland (Ret.) (the "Emergency Arbitrator") in the matter styled *T-Mobile USA, Inc. v. Verity Wireless, Inc.*, JAMS Arbitration Reference No. 1160024282 (the "Arbitration").

## I.      PARTIES

1.      Petitioner T-Mobile USA, Inc. is a Delaware corporation with its principal place of business in Bellevue, Washington.  T-Mobile is one of the three largest wireless communications carriers operating in the United States.  In April, 2020, T-Mobile completed its merger with Sprint Corporation and its subsidiaries.

2.      Respondent Verity Wireless, Inc. is a Colorado corporation.  On information and

PETITION TO CONFIRM ARBITRATION AWARD – 1
(Case No. 2:21-cv-733)



1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • (206) 393-5400

belief, Verity's principal place of business is located in Buena Park, California.

3.      Verity also conducts business in Washington, and has designated both its principal office address and registered agent's address at 2115 201st Pl. SE, Unit B5, Bothell, WA 98012-8562.

4.      This Court has subject matter jurisdiction to confirm the Injunction pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1-15, because the parties entered into Agreements involving interstate commerce.  The Court has personal jurisdiction over the parties because, among other reasons, they have stipulated to the personal jurisdiction of this Court in the Agreements.

5.      Venue is proper because the Parties have stipulated to venue in this Court in the Agreements, and further because Verity is subject to personal jurisdiction in this district, as it conducts business here.  *See* 28 U.S.C. § 1391(b)(1), (c)(2), and (d).

6.      Verity may be served notice of this Petition through its counsel at the address indicated in the certificate of service of this Petition because:  (i) the Emergency Arbitrator entered the Injunction in Seattle, Washington and Verity is a resident of this district; and/or (ii)  JAMS served the Injunction on the parties from Los Angeles, California, and Verity is also a resident of the Central District of California as it conducts business throughout that district.  *See* 9 U.S.C. § 9 (permitting service of petition to confirm an award on the resident of a district in which the award was made to the extent permitted for service of a motion in that court); W.D. Wa. LCR 5(b) (permitting service consistent with Federal Rules); C.D. Cal. Civ. R. 4.1(d) (similarly permitting service as per Fed. R. Civ. P. 5); Fed. R. Civ. P. 5(b) (specifying service on counsel).

## II.      THE ARBITRATION

7.      Verity was, in accordance with four Retail Services Agreements with T-Mobile (the "Agreements"), each effective June 1, 2020, an authorized retail dealer for T-Mobile, operating T-Mobile stores in Colorado, Washington, and Northern and Southern California.  The Agreements are identical in all material respects.  An exemplar of the Agreements is attached hereto as **Exhibit 1**, exclusive of confidential and proprietary information that is not relevant to the Court's

consideration of this petition, per W.D. Wa. LCR 5(g)(1)(B).

8.      Each Agreement provides that disputes between the parties shall be submitted to JAMS for arbitration, and administered pursuant to JAMS Comprehensive Rules and Procedures (the "Rules").  *See* Agreements, § 16.

9.      On March 19, 2021, T-Mobile notified Verity that it was terminating the Agreements, citing Verity's material breaches of the Agreements.

10.     Although T-Mobile had deferred the effective date of its termination until May 1, 2021, Verity abruptly closed its stores on March 31, 2021, and refused T-Mobile's demands to execute the Transitions Services Agreements that each Agreement requires.

11.     On April 8, 2021, T-Mobile initiated the Arbitration.  A copy of the order appointing the Hon. Faith Ireland as the Emergency Arbitrator is attached hereto as **Exhibit 2**.

12.     JAMS Rule 2(c) creates Emergency Relief Procedures that permit a party to seek emergency relief by "notify[ing] JAMS and all other Parties in writing of the relief sought and the basis for an award of such relief."  JAMS Rule 2(c)(i).

13.     T-Mobile first filed a request for Emergency Relief, seeking an order requiring Verity to allow T-Mobile to obtain possession of inventory and other T-Mobile assets in Verity's closed stores.  The parties entered into a Stipulation, attached hereto as **Exhibit 3**, to resolve that issue and it is not at issue in this Petition.

14.     The Agreements prohibit Verity, notwithstanding any other provision of the Agreements, from competing with T-Mobile for one year following termination, and Section 13.1.3 of the Agreements specifically prohibits Verity and its principals from "directly or indirectly sell[ing], assign[ing], or otherwise transfer[ring] any [store] to a wireless service provider (carrier or agent/dealer) in the business of offering, providing, marketing, procuring, or referring customers in a[] manner that competes with [T-Mobile] or its dealers within the Area" described in each Agreement.

15.     The Agreements provide that a breach of Section 13.1 "will result in irreparable

POLSINELLI

1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • (206) 393-5400

harm to T-Mobile, and monetary damages would be an inadequate remedy" for such a breach, and that "T-Mobile may seek temporary, preliminary and permanent injunctive relief with respect to any such breach by provider." Agreements, § 13.1.4.

16.     After Verity disregarded several requests by T-Mobile requiring Verity to transfer stores to T-Mobile-approved dealers or to T-Mobile (as required by separate provisions of the Agreements), and after learning facts that suggested that Verity's principals and insiders were intending to convert the stores into AT&T stores that compete with T-Mobile in violation of the Agreements, T-Mobile filed a Second Request for Emergency Relief to enjoin Verity from transferring T-Mobile stores except to T-Mobile or to T-Mobile-approved dealers, and to prohibit Verity from transferring T-Mobile stores to T-Mobile competitors.  *See* Agreements, § 13.1.3.

17.     Verity responded to the Second Emergency Request on May 4, 2021.

18.     The Arbitrator set a reply deadline and a hearing on the Second Request for Emergency Relief on May 5, 2021.

19.     The Arbitrator heard oral arguments of the Parties on May 5, 2021.

20.     The Arbitrator invited the Parties to supplement or amend their pleadings by May 7, 2021 at 4:00 PM PT.  On that date, T-Mobile submitted a statement of Additional and Amended Claims, and Verity submitted a supplemental response in opposition to the Second Request for Emergency Relief.  After requesting and receiving permission from the Arbitrator, T-Mobile submitted a reply to Verity's supplemental response, on May 11, 2021.

21.     On May 13, 2021, the Arbitrator entered the Injunction, a copy of which is attached hereto as **Exhibit 4**.

22.     The Court should grant this Petition and confirm the Injunction as a judgment of this Court, as required by the Federal Arbitration Act, because none of the limited statutory grounds for vacating the Injunction exist here.  *See* 9 U.S.C. §§ 9-10; *Aspic Eng'g & Constr. Co. v. ECC Centcom Constructors LLC*, 913 F.3d 1162, 1166 (9th Cir. 2019); *Pac. Reinsurance Mgmt. Corp. v. Ohio Reinsurance Corp.*, 935 F.2d 1019, 1023-26 (9th Cir. 1991).



1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • (206) 393-5400

**PRAYER FOR RELIEF**

WHEREFORE, the Petitioner prays that this honorable Court sign an order confirming the interim relief issued on May 13, 2021 by Hon. Faith Ireland (Ret.) as an enforceable Order of this Court.

DATED this 3rd day of June, 2021.

**POLSINELLI PC**

By: */s/ Jessica M. Andrade*
    Jessica M. Andrade, WSBA# 39297
    1000 Second Avenue, Suite 3500
    Seattle, WA 98104
    Telephone: (206) 393-5400
    Facsimile: (206) 393-5401
    jessica.andrade@polsinelli.com

    *Attorneys for Petitioner T-Mobile USA, Inc.*


POLSINELLI
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • (206) 393-5400

### CERTIFICATE OF SERVICE

I hereby certify that on the date shown below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

I also certify that on June 3, 2021, true and correct copies of the foregoing were served via email and United States First Class mail, postage prepaid to:

Timothy B. Yoo
Sharon Ben-Shahar Mayer
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
tyoo@birdmarella.com
smayer@birdmarella.com

*Attorneys for Respondent Verity Wireless, Inc.*

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated this 3rd day of June, 2021, at Seattle, Washington.


By: */s/ Jeni Bonanno*
Jeni Bonanno, Legal Assistant



POLSINELLI
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • (206) 393-5400